# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:07-CR-232

United States of America

v.

Michael Charles Murray

                Defendant

**Report and Recommendation Re. Defendant's Competency**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On April 23, 2008, defendant pled guilty before the Hon. Marcia A. Crone to a violation of Title 21 U.S.C. § 841(a)(1) of possession with intent to distribute a schedule II controlled substance, crack cocaine.  On April 24, 2008, defendant filed his "Motion for Psychiatric Exam." (Docket No. 86).  April 25, 2008, the court ordered a psychiatric exam to determine if defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  (Docket No. 95).  Defendant

subsequently received an evaluation by Dr. Randall Rattan, a forensic psychologist at the Federal Correctional Institution in Fort Worth, Texas. On July 17, 2008, Dr. Rattan, returned a copy of his psychiatric report.

The psychiatric report concludes that in the opinion of Dr. Rattan, defendant does not suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

A competency hearing was conducted on August 4, 2008.[1] At the hearing, defendant appeared in court with counsel, Bernard Shealy, Esq. The court admitted into evidence under seal the psychiatric report detailing the results and findings, and the government, defendant, and defense counsel indicated no objections to the conclusions in the report.[2]

No additional evidence was offered by the prosecution or defense. The undersigned therefore concludes that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with

---

[1] Courts differ on whether defendants' competency determinations are within a magistrate judge's dispositive authority. Compare United States v. Hamilton, 107 F.3d 499 (7th Cir. 1997) (Magistrate Judge Goodstein determined competency of defendant to stand trial) with United States v. Robinson, 253 F.3d 1065 (8th Cir. 2001)(magistrate judge issued report and recommendation to district judge regarding defendant's competency to stand trial).
  Absent explicit instructions from the governing United States Court of Appeals for the Fifth Circuit on this issue, to fully preserve the prerogative of the district judge to whom this case is assigned, and to provide adversely-affected parties with equal opportunity for review, the undersigned elects to submit a report and recommendation, rather than rule on the matter.

[2] Defendant alleged that contrary to the report, he is currently taking mental health medication while incarcerated. The undersigned has not taken the disputed assertions into account when making this recommendation.

a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); <u>see also</u> <u>Dusky v. United States</u>, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATION

The court should find defendant competent to stand trial because he understands the proceeding against him and has the ability to assist his attorney under Title 18 U.S.C. § 4241.

## OBJECTIONS

Title 28 U.S.C. § 636 normally gives parties ten (10) days to object to recommendations submitted by magistrate judges.  However, as the parties have agreed that defendant is competent, and this report recommends that defendant be found competent, the court may act on the report and recommendation immediately.

SIGNED this __4__ day of August, 2008.

_____
Earl S. Hines
United States Magistrate Judge